IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY DON JOHNSON,

          Plaintiff,

     v.

STATE OF OREGON *et al.*,

          Defendants.

Case No. 2:25-cv-01308-SB

**OPINION AND ORDER**

**BECKERMAN, United States Magistrate Judge.**

Gary Don Johnson ("Johnson"), a self-represented litigant formerly in the custody of the Oregon Department of Corrections ("ODOC") filed this action on July 24, 2025 against the State of Oregon, ODOC, and individual ODOC employees (together, "Defendants"), alleging a claim for inadequate medical care under 42 U.S.C. § 1983 and negligence for failure to provide medical care or a shower after Johnson was "sprayed" following a fight while housed at Two Rivers Correctional Institution ("TRCI"). (Compl., ECF No. 1.)

On July 22, 2026, Defendants filed a motion to dismiss Johnson's claims for failure to prosecute. (Defs.' Mot. Dismiss, ECF No. 28.) The Court has jurisdiction over Johnson's claims

PAGE 1 – OPINION AND ORDER

pursuant to 28 U.S.C. §§ 1331 and 1367. For the reasons explained below, the Court grants Defendants' motion to dismiss.

## PROCEDURAL HISTORY

Johnson filed his complaint on July 24, 2025 and the Court granted his application to proceed in forma pauperis on July 25, 2025. (ECF Nos. 1-2, 4.) After an electronic filing notice was returned because Johnson was no longer located at TRCI, the Court ordered Johnson to file a notice of change of address. (ECF Nos. 9-10.) Defendants answered the complaint on September 2, 2025. (ECF No. 12.) Johnson filed a notice of change of address on October 6, 2025, noting that he had released from ODOC custody and providing his new mailing address. (ECF No. 15.)

In the nine months since Johnson filed his notice of change of address, Johnson has not communicated with the Court or defense counsel. (Defs.' Mot. Dismiss at 1.) Defendants' counsel has attempted to reach Johnson several times by telephone, email, and certified mail, but Johnson has not responded. (*Id.* at 2.) Defendants have been unable to to engage in discovery or defend against Johnson's claims because he has not responded to their communications. (*Id.*) Johnson did not file a response to Defendants' motion to copy and inspect Johnson's medical records (ECF No. 7) and did not file a response to Defendants' pending motion to dismiss for failure to prosecute.

## DISCUSSION

"District courts have inherent power to control their dockets." *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). "In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Id.* (citation omitted).

When exercising this discretion, courts consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

PAGE 2 – OPINION AND ORDER

defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831 (citations omitted). Here, consideration of the relevant factors favors dismissal.

The public's interest in expeditious resolution of litigation and the need to manage the Court's docket favor dismissal because Johnson has failed to participate in this case. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance[.]") (citation omitted). The third factor, the risk of prejudice to Defendants, weighs in favor of dismissal because Johnson has caused Defendants to incur legal expenses to evaluate Johnson's complaint, file a motion to dismiss, and attempt to engage in discovery, but Johnson has not bothered to respond.

Fourth, although public policy favors disposition on the merits, Johnson's noncompliance has impeded any meaningful progress to reach the merits of his claims. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) (holding that where the plaintiff prevents the case "from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor") (citation omitted).

Finally, with respect to the availability of less drastic alternatives, Johnson has failed to respond to the pending motion to dismiss for failure to prosecute and the Court cannot explore less drastic alternatives if Johnson is nonresponsive. The Court is unaware if Johnson has returned to custody or is unable to prosecute his claims at this time for some other reason. In light of these circumstances, the Court has considered and concludes that the less drastic alternative of dismissal without prejudice, instead of with prejudice, is appropriate here.

In summary, although public policy favors disposition on the merits, Johnson's failure to prosecute his case has obstructed the Court's ability to reach the merits of his claims. All other

PAGE 3 – OPINION AND ORDER

factors weigh in favor of dismissal. Accordingly, the Court dismisses this action without prejudice for lack of prosecution. *See Nakota Trucking, LLC v. Hub Int'l Mountain States Ltd.*, No. 25-2938, 2026 WL 473770, at \*1 (9th Cir. Feb. 19, 2026) (applying relevant five factors and holding that "[t]he district court did not abuse its discretion in dismissing" case for failure to prosecute); *Graves v. Cruzado*, 727 F. App'x 401, 402 (9th Cir. 2018) ("The district court dismissed [the plaintiff's] action with prejudice for failure to prosecute after [the plaintiff] and his counsel failed to comply with the district court's . . . order to show cause why the action should not be dismissed for failure to prosecute. We conclude that the less drastic sanction of dismissal without prejudice is appropriate in this case.") (citation omitted).

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to dismiss for lack of prosecution (ECF No. 28) and DISMISSES this action without prejudice for failure to prosecute.

DATED this 6th day of August 2026.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 4 – OPINION AND ORDER